11-65-cv
Siti-Sites.com v. Verizon Communications

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of July, two thousand eleven,

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                      *Circuit Judges*.
             JOHN G. KOELTL,[*]
                      *District Judge*.

_____

SITI-SITES.COM, INC.*,*

                              *Plaintiff-Appellant*,

             -v-                                              11-65

VERIZON COMMUNICATIONS, INC., ALLIED SECURITY TRUST, DANIEL P. MCCURDY, BRIAN HINMAN, CISCO SYSTEMS, INC., ERICSSON INC.-SONY ERICSSON MOBILE COMMUNICATIONS,

                              *Defendants-Appellees,*

MLR LLC, as a Real Party in Interest-Involuntary Plaintiff,

                              *Involuntary Plaintiff.*

_____

_____

[*] The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

Appearing for Appellant:    Lawrence M. Powers, Englewood, N.J. (Jared A. Cooper, Cooper & McCann, LLP, New Rochelle, N.Y., *on the brief*).

Appearing for Appellees:

Michael K. Kellogg (Reid M. Figel, Aaron M. Panner, *on the brief*) Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C. Washington, D.C., *for Verizon Communications and Brian Hinman.*

Michael B. Miller, Morrison & Foerster LLP, New York, N.Y. *for Allied Security Trust and Daniel P. McCurdy, on the brief.*

Henry B. Gutman, Simpson, Thatcher & Bartlett LLP, New York, N.Y., *for Cisco Systems, Inc. and Ericsson Inc.-Sony Ericsson Mobile Communications, on the brief.*

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Siti-Sites.com, Inc. ("Siti") appeals from the December 29, 2010 decision and order and December 31, 2010 judgment of the United States District Court for the Southern District of New York (Cote, J.) dismissing its antitrust complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that it lacked standing. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Pursuant to an agreement settling litigation between Siti and MLR LLC, Siti is entitled to approximately 40 percent of the gross proceeds earned by MLR LLC on certain patents. MLR LLC owns patents on technologies used in mobile communications devices. To protect its rights in MLR's revenues, Siti filed UCC financing statements in which it describes itself as a secured creditor, and disclaims "ownership rights in the patents or patent applications." Siti also filed a notice with the Patent and Trademark Office acknowledging that Siti "has no ownership rights in or to any portion of the MLR portfolio of patents" and that MLR was "the complete, rightful and lawful owner of all rights, title and interest in the MLR Patents."

Siti's complaint alleges that Allied Security Trust ("AST") and its co-defendants conspired to block non-producing entities ("NPEs") from licensing or selling their telecommunications patents at fair market value. Defendants moved to dismiss the amended complaint on the grounds that (1) Siti lacked antitrust standing; and (2) Siti failed to allege any antitrust violations. The district court granted the motion to dismiss on standing grounds alone. *Siti-Sites.com, Inc. v. Verizon Comm. Inc.*, 2010 WL 5392927 (S.D.N.Y. Dec. 29, 2010). We affirm.

To establish antitrust standing, a plaintiff must demonstrate it suffered an antitrust injury, that is, an "injury of the type the antitrust laws were intended to prevent and that flows

2

from that which makes defendants' acts unlawful." *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977). "The injury should reflect the anticompetitive effect either of the violation or of anticompetitive acts made possible by the violation" because "[t]he antitrust laws . . . were enacted for 'the protection of competition, not competitors.' " *Id.* at 488, 489 (quoting *Brown Shoe Co. v. United States*, 370 U.S. 294, 320 (1969).  In addition to stating an antitrust injury, a plaintiff must show that it is an "efficient enforcer" of the antitrust laws.  *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 443 (2d Cir. 2005).

Even accepting Siti's argument that it is not a traditional "creditor," it is plain from its pleadings that any alleged antitrust injury Siti suffered is derivative. "[M]erely derivative injuries sustained by employees, officers, stockholders, and creditors of an injured company do not constitute 'antitrust injury' sufficient to confer antitrust standing." *G.K.A. Beverage Corp. v. Honickman*, 55 F.3d 762, 764-66 (2d Cir. 1995) (internal quotation omitted).  "It follows naturally that a party in a business relationship with an entity that failed as a result of an antitrust violation has not suffered the antitrust injury necessary for antitrust standing." *Id.* at 766.

Similarly, here Siti owns only the contractual right to a percentage of MLR's gross proceeds.  Any injury suffered by Siti is derivative of an injury to MLR.  Because we conclude that Siti did not state an antitrust injury, there is no need to consider whether it is an efficient enforcer. *See Daniel*, 428 F.3d at 766.

We have considered the remainder of Siti's claims and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3